UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND DE BOTTON,<br><br>    Plaintiff,<br><br>  v.<br><br>QUALITY LOAN SERVICES CORPORATION OF WASHINGTON, *et al*.,<br><br>    Defendants. | CASE NO. 2:23-cv-00223-RSL<br><br>ORDER DENYING MOTION FOR REMAND |

This matter comes before the Court on plaintiff's "Motion to Remand." Dkt. # 18. Plaintiff acknowledges that this case involves claims arising under federal law (*Id.*, at 3) and that the Judicial Act of 1789 originated the procedure and established the criteria by which cases filed in state court could be removed to federal court (*Id.*, at 6). He does not identify any unmet requirement for removal. Instead, plaintiff argues that the removal of this case became improper when the case was assigned to a senior district judge. *Id.*, at 14-15 ("This motion to remand challenges the contention that Congress – or the entire three branches of the federal government acting in unison – can establish and ordain a judicial system under Article III which imposes upon litigants, without their consent, judges who

ORDER DENYING MOTION FOR REMAND - 1

have retired from active duty and have become adjudicators which must be periodically designated and assigned to exercise the federal judicial Power."). Having conceded the existence of federal question jurisdiction and having failed to show any defect in the removal process, plaintiff is not entitled to a remand.[1] The motion is DENIED.

Dated this 24th day of April, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Even if judicial assignment were somehow relevant to the removal process, plaintiff offers no evidence that the undersigned ceased to "hold [his] office during good behavior," failed to retain his office under 28 U.S.C. § 371(b), or has not received the duty-based certification described in 28 U.S.C. § 371(e).

ORDER DENYING MOTION FOR REMAND - 2