UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND DE BOTTON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>QUALITY LOAN SERVICES CORPORATION OF WASHINGTON, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-00223-RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE |

This matter comes before the Court on plaintiff's "Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d)." Dkt. # 24. Under that Rule:

> a trial court may order a continuance on a motion for summary judgment if the party requesting a continuance submits affidavits showing that, without Rule 56 assistance, it cannot present facts necessary to justify its claims. The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Failure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

*Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Plaintiff has provided an affidavit showing that, prior to the filing of the motion for summary judgment, plaintiff served notices of deposition seeking testimony regarding the existence of the underlying loan, the alleged default, how the foreclosure proceeds were distributed, whether the trustee was qualified to act, whether the trustee complied with its statutory obligations, the existence of an attorney-client relationship between defendants, and Quality Loan Services Corporation's relationship with various third parties. Dkt. # 24-1 at 14-23. Most of these facts are clearly at issue in the pending summary judgment motion, and defendants selected documents and information in their possession to their narrative. Plaintiff, however, has not had the opportunity to inquire whether other, less supportive documents exist and/or to test defendants' assertions regarding statutory compliance and immunities.

For all of the foregoing reasons, the motion to continue is GRANTED. The parties have served their initial disclosures, and defendants produced documents on March 16, 2023, in support of their pending motion for summary judgment. The parties shall schedule the noticed depositions within the next two weeks (if they have not already occurred). Plaintiff will then be given an opportunity to serve follow-up discovery before his response to the pending motion is due.

ORDER GRANTING PLAINTIFF'S MOTION TO
CONTINUE - 2

The Clerk of Court is directed to renote Defendants' Amended Motion for Summary Judgment (Dkt. # 17) for consideration on July 21, 2023.

Dated this 26th day of April, 2023.

*MrS Lasnik*
Robert S. Lasnik
United States District Judge