UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND DE BOTTON,<br><br>  Plaintiff,<br><br>  v.<br><br>QUALITY LOAN SERVICES CORPORATION OF WASHINGTON, *et al.*,<br><br>  Defendants. | CASE NO. 2:23-cv-00223-RSL<br><br>ORDER GRANTING IN PART SELECT PORTFOLIO SERVICING'S MOTION TO DISMISS |

This matter comes before the Court on "Defendant Select Portfolio Servicing Inc's Motion to Dismiss." Dkt. # 37. The motion is unopposed.[1] Having reviewed the motion to dismiss, the supporting declaration, and plaintiff's complaint, the Court finds as follows:

Plaintiff alleges that he signed two promissory notes in favor of defendant First Horizon Loan Corporation ("First Horizon"), but asserts that he did not enter into a loan agreement. Dkt. # 1-1 at ¶¶ 3.4, 3.5, 4.2(f), and 4.2(g). Specifically with regards to the moving defendant, Select Portfolio Servicing Inc. ("SPS"), plaintiff alleges that SPS

---

[1] Two days after the motion to dismiss was filed, plaintiff filed a Notice of Appeal regarding the undersigned's denial of a request to reconsider whether the above-captioned matter should be remanded to state court. Dkt. # 39. An interlocutory appeal does not divest this court of jurisdiction to make subsequent orders that move the case along as long as they do not involve the issues that are pending before the appellate court. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411-12 (9th Cir. 1990) (quoting 9 J. Moore, Moore's Federal Practice ¶ 203.11, 3–54). *See also* Manual for Complex Litigation §§ 25.11, 25.16 (2d Ed.)). Plaintiff has not sought or obtained a stay, and the only issue on appeal is whether the case should be remanded to state court: the undersigned may, therefore, proceed with the case on the merits.

ORDER GRANTING IN PART SELECT PORTFOLIO
SERVICING'S MOTION TO DISMISS - 1

falsely represented that First Horizon held or possessed the original promissory note signed by plaintiff, that the representation was made as part of a fraudulent scheme to foreclose on plaintiff's home, that his home was sold at a non-judicial foreclosure sale on January 31, 2021, and that SPS improperly obtained the release of funds from the foreclosure sale to pay the owner of the second lien. Plaintiff further alleges that he relied on SPS' false representation when he did not oppose the foreclosure sale and that SPS is a debt collector that engaged in practices prohibited by RCW 19.16.250 and .260. Plaintiff asserts claims of fraud, unlawful taking under the federal and state constitutions, violations of the Collection Agency Act, violations of the Consumer Protection Act, and criminal profiteering against SPS.

As an initial matter, the Court takes judicial notice of the Trustee's Deed Upon Sale, Dkt. # 38-6, which was recorded in the property records of Snohomish County on February 13, 2020, and shows that plaintiff's property was sold on or about January 31, 2020, rather than January 31, 2021. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Ev. 201, a court may take judicial notice of "matters of public record.").

SPS argues that plaintiff's state statutory and common law claims are barred by RCW 61.24.127. The Court agrees. Plaintiff's failure to bring a civil action to enjoin the foreclosure sale waived his criminal profiteering claim pursuant to RCW 61.24.127(1) and the failure to pursue his fraud, Collection Agency Act, or Consumer Protection Act claims within two years of the foreclosure sale bars the claims under RCW 61.24.127(2).[2]

---

[2] Plaintiff alleges in his complaint that defendant State of Washington violated his constitutional rights to contract and to due process when it amended the Deed of Trust Act after the promissory notes were signed, arguing that the amendments – in particular, RCW 61.24.127 -- unconstitutionally altered his contracts. Plaintiff does not identify any term of his agreement that was impacted by the subsequent statutory amendments or explain how application of the statutory amendments would be unfair or run afoul of the general rule that amendments operate prospectively.

> Courts presume that statutory amendments operate prospectively and generally disfavor retroactive application because individuals should have an opportunity to know what the law is and to conform their conduct accordingly. A statute applies retroactively if it changes the legal effect of prior facts or transactions or attaches new legal consequences to events completed before its enactment. But a statute does not apply retroactively merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law. A statute operates

ORDER GRANTING IN PART SELECT PORTFOLIO
SERVICING'S MOTION TO DISMISS - 2

Plaintiff alleges a single constitutional claim against SPS, namely that it acted with the aid of the government to achieve a public benefit – the unlawful taking of his home – without compensation in violation of the Takings Clauses of the United States and Washington Constitutions. Dkt. # 1-1 at ¶ 5.11. SPS argues that the takings claims should be disregarded because they "fail as a matter of law based on Washington state law and procedural grounds." Dkt. # 37 at 6. SPS has not, however, provided any authority supporting the proposition that RCW 61.24.127 applies to federal and/or constitutional claims, nor has it addressed the takings claims on the merits.

For all of the foregoing reasons, SPS' motion to dismiss is GRANTED in part. Plaintiff's statutory and common law claims are DISMISSED pursuant to RCW 61.24.127. The takings claims may proceed.

Dated this 6th day of June, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

---

prospectively when the precipitating event for operation of the statute occurs after enactment, even when the precipitating event originated in a situation existing prior to enactment.

*Watson v. Nw. Tr. Servs. Inc.*, 180 Wn. App. 8, 13 (2014) (internal quotations marks, footnotes, and citations omitted). For purposes of this case, RCW 61.24.127 was enacted in 2009 and amended in 2011. *See* 2011 c 364 § 2, eff. July 22, 2011; 2009 c 292 § 6, eff. July 26, 2009. Thus, at the time the precipitating action that triggered application of the statute, *i.e.*, the default, occurred, plaintiff knew what the law was and had the opportunity to conform his conduct accordingly.

ORDER GRANTING IN PART SELECT PORTFOLIO
SERVICING'S MOTION TO DISMISS - 3