UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND DE BOTTON,<br><br>            Plaintiff,<br><br>   v.<br><br>QUALITY LOAN SERVICES CORPORATION OF WASHINGTON, *et al*.,<br><br>            Defendants. | CASE NO. 2:23-cv-00223-RSL<br><br>ORDER GRANTING IN PART DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT |

     This matter comes before the Court on "Defendants' Amended Motion for Summary Judgment." Dkt. # 17. Consideration of the motion was continued for three months in order to allow plaintiff an opportunity to conduct discovery before his response was due. The motion, which was renoted on the Court's calendar for consideration on July 21, 2023, is unopposed.[1]

---

[1] Plaintiff has filed a Notice of Appeal regarding the undersigned's denial of a request to reconsider whether the above-captioned matter should be remanded to state court. Dkt. # 39. An interlocutory appeal does not divest this court of jurisdiction to make subsequent orders that move the case along as long as they do not involve the issues that are pending before the appellate court. *Britton v. Co-op Banking Grp*., 916 F.2d 1405, 1411-12 (9th Cir. 1990) (quoting 9 J. Moore, Moore's Federal Practice ¶ 203.11, 3–54). *See also* Manual for Complex Litigation §§ 25.11, 25.16 (2d Ed.)). Plaintiff has not sought or obtained a stay, and the only issue on appeal is whether the case should be remanded to state court: the undersigned may, therefore, proceed with the case on the merits.

ORDER GRANTING IN PART DEFENDANTS' AMENDED
MOTION FOR SUMMARY JUDGMENT - 1

Having reviewed the motion for summary judgment and the supporting declarations and exhibits,[2] the Court finds as follows:

Plaintiff acknowledges that he signed a promissory note in favor of defendant First Horizon Loan Corporation in 2006. Dkt. # 1-1 at ¶¶ 3.4 and 3.5. It is also undisputed that he defaulted on the loan in 2017 and that defendant Quality Loan Service Corp. of Washington ("Quality") issued a notice that the property would be sold to the highest bidder. Plaintiff alleges that the moving defendants, Quality, McCarthy & Holthus, LLP, and Warren Lance falsely represented that First Horizon held or possessed the original promissory note signed by plaintiff, that the representation was made as part of a fraudulent scheme to foreclose on plaintiff's home, that his home was sold at a non-judicial foreclosure sale on January 31, 2020,[3] and that Quality unlawfully deprived plaintiff of the excess proceeds from the sale. The moving defendants have shown, however, that before Quality issued the notice of sale, it obtained a declaration from The Bank of New York Mellon, the trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA7, attesting that it was the holder of the promissory note evidencing plaintiff's loan Dkt. # 7-3 at 1. Plaintiff was given timely notice of the sale, the deposit of surplus funds with the Snohomish County Superior Court, and the filing of a motion for disbursement of those funds to a junior lienholder. Plaintiff did not move to enjoin the sale

---

[2] The Court has considered the Declaration of Jeff Stenman (Dkt. # 7) that was submitted in support of the original motion for summary judgment filed by the moving parties on February 22, 2023.

[3] Plaintiff alleges that the sale occurred on January 31, 2021, but the evidence in the record shows that it actually took place the previous year.

ORDER GRANTING IN PART DEFENDANTS' AMENDED
MOTION FOR SUMMARY JUDGMENT - 2

of his property, nor did he oppose the motion for disbursement. This lawsuit was filed exactly three years after the property was sold.

Having failed to provide any evidence that defendants failed to comply with the Deed of Trust Act, entered into a conspiracy, or improperly obtained disbursement of the surplus funds, plaintiff's fraud, Consumer Protection Act, and criminal profiteering claims fail as a matter of law. Plaintiff's Collection Agency Act claim fails because the moving defendants are not collection agencies for purposes of that statute. RCW 19.16.100(5)(c); *Diaz v. N. Star Tr., LLC*, 16 Wn. App.2d 341, 362–63 (2021); *Somarakis v. U.S.Bank*, 21 Wn. App.2d 1008, 2022 WL 601882, at *12 (Wash. Ct. App. Mar. 1, 2022) (unpublished opinion); *El- Shawary v. U.S. Bank*, No. 2:18-cv-1456-JCC, 2021 WL 848875, at *3 (W.D. Wash. Mar. 5, 2021). In addition, plaintiff's failure to bring a civil action to enjoin the foreclosure sale waived his criminal profiteering claim pursuant to RCW 61.24.127(1) and his failure to pursue the fraud, Collection Agency Act, and/or Consumer Protection Act claims within two years of the foreclosure sale bars those claims under RCW 61.24.127(2).[4]

---

[4] Plaintiff alleges in his complaint that defendant State of Washington violated his constitutional rights to contract and to due process when it amended the Deed of Trust Act after the promissory notes were signed, arguing that the amendments – in particular, RCW 61.24.127 -- unconstitutionally altered his contracts. Plaintiff does not identify any term of his agreement that was impacted by the subsequent statutory amendments or explain how application of the statutory amendments would be unfair or run afoul of the general rule that amendments operate prospectively.

> Courts presume that statutory amendments operate prospectively and generally disfavor retroactive application because individuals should have an opportunity to know what the law is and to conform their conduct accordingly. A statute applies retroactively if it changes the legal effect of prior facts or transactions or attaches new legal consequences to events completed before its enactment. But a statute does not apply retroactively merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law. A statute operates prospectively when the precipitating event for operation of the statute occurs after enactment, even when the precipitating event originated in a situation existing prior to enactment.

ORDER GRANTING IN PART DEFENDANTS' AMENDED
MOTION FOR SUMMARY JUDGMENT - 3

Plaintiff has asserted a separate constitutional claim against the moving defendants based on the allegation that they acted with the aid of the government to achieve a public benefit – the unlawful taking of his home – without compensation in violation of the Takings Clauses of the United States and Washington Constitutions. Dkt. # 1-1 at ¶ 5.11. Defendants have not addressed this claim. Having failed to show that there is no genuine dispute as to any material fact regarding this claim, the moving defendants are not entitled to judgment as a matter of law.

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED in part. Plaintiff's statutory and common law claims are DISMISSED, but the takings claims may proceed.

Dated this 28th day of August, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

---

*Watson v. Nw. Tr. Servs. Inc*., 180 Wn. App. 8, 13 (2014) (internal quotations marks, footnotes, and citations omitted). For purposes of this case, RCW 61.24.127 was enacted in 2009 and amended in 2011. *See* 2011 c 364 § 2, eff. July 22, 2011; 2009 c 292 § 6, eff. July 26, 2009. Thus, at the time the precipitating action that triggered application of the statute, *i.e.*, the default, occurred, plaintiff knew what the law was and had the opportunity to conform his conduct accordingly.

ORDER GRANTING IN PART DEFENDANTS' AMENDED
MOTION FOR SUMMARY JUDGMENT - 4