UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND DE BOTTON,<br><br>              Plaintiff,<br>    v.<br><br>QUALITY LOAN SERVICES CORPORATION OF WASHINGTON, *et al.*,<br><br>              Defendants. | CASE NO. 2:23-cv-00223-RSL<br><br>ORDER DISMISSING REMAINING CLAIM AGAINST SELECT PORTFOLIO SERVICING INC. |

This matter comes before the Court on "Defendant Select Portfolio Servicing Inc.'s Motion for Judgment on the Pleadings" regarding plaintiff's claims under the takings clauses of the United States and Washington Constitutions.[1] Dkt. # 47. The motion was noted for consideration on Friday, September 15, 2023, with plaintiff's opposition, if any, due the previous Monday. No opposition has been filed.

Having reviewed the motion for judgment on the pleadings and the supporting declaration and exhibits, the Court finds as follows:

---

[1] All other claims asserted against Select Portfolio were dismissed on June 6, 2023. Dkt. # 43.

ORDER DISMISSING REMAINING CLAIM AGAINST
SELECT PORFOLIO SERVICING INC. - 1

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." The issue presented by a Rule 12(c) motion is substantially the same as that posed in a Rule 12(b)(6) motion -- whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose (Chunie)*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted). If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings is not appropriate and "such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th

Cir. 1989); Fed. R. Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The Court has considered the loan documents and foreclosure materials attached to the declaration of Midori R. Sagara. Dkt. # 48. Plaintiff alleges and the documents show that plaintiff defaulted on his mortgage and his home was sold at a non-judicial foreclosure sale on January 31, 2020.[2] The circumstances presented here cannot support a takings claim under either the federal or state constitution because there was no governmental action and the property was not sold for a public use or to achieve a public benefit. Select Portfolio is therefore entitled to judgment on plaintiff's takings claims.

For all of the foregoing reasons, Select Portfolio's motion for judgment on the pleadings (Dkt. # 47) is GRANTED.

Dated this 19th day of September, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] Plaintiff alleges that the sale occurred on January 31, 2021, but the evidence in the record shows that it actually took place the previous year.