1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND DE BOTTON,

                Plaintiff,

       v.

QUALITY LOAN SERVICES
CORPORATION OF WASHINGTON, *et
al.*,

              Defendants.

CASE NO. 2:23-cv-00223-RSL

ORDER GRANTING THE
STATE'S MOTION TO DISMISS

      This matter comes before the Court on "Defendant State of Washington's Motion to Dismiss." Dkt. # 54. Having reviewed the motion, the Declaration of Scott E. Stafne submitted on October 22, 2023, and the remainder of the record,[1] the Court finds as follows:

      This case arises out of the non-judicial foreclosure sale of plaintiff's house and a subsequent surplus funds proceeding. Plaintiff signed promissory notes and deeds of trust in 2006. When he defaulted on the loan in 2017, defendant Quality Loan Service Corp. of

---

[1] The Court has taken judicial notice of the legislative enactments that form the basis of plaintiff's claims against the State.

ORDER GRANTING THE STATE'S
MOTION TO DISMISS - 1

Washington issued a notice that the property would be sold to the highest bidder. Plaintiff's home was sold at a non-judicial foreclosure sale on January 31, 2020,[2] and the surplus funds were deposited with the Snohomish County Superior Court. A junior lienholder successfully sought disbursement of those funds from the court. Three years after the foreclosure sale, plaintiff filed this lawsuit. Plaintiff sued the State of Washington for alleged constitutional violations, specifically the impairment of his mortgage contracts, the taking of property without just compensation, and due process violations. The State seeks dismissal of all of the claims asserted against it. The declaration of plaintiff's counsel, which is the only document filed after the State requested dismissal, does not substantively respond to the motion.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept

---

[2] The Court has taken judicial notice of the Trustee's Deed Upon Sale, Dkt. # 38-6, which was recorded in the property records of Snohomish County on February 13, 2020, and shows that plaintiff's property was sold on or about January 31, 2020. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Ev. 201, a court may take judicial notice of "matters of public record.").

as true allegations that contradict exhibits attached to the Complaint or matters properly

subject to judicial notice, or allegations that are merely conclusory, unwarranted

deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629

F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege
> "enough facts to state a claim to relief that is plausible on its face."
> []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content
> that allows the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984,
> 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
> Under the pleading standards of Rule 8(a)(2), a party must make a "short and
> plain statement of the claim showing that the pleader is entitled to relief."
> Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions'
> or 'a formulaic recitation of the elements of a cause of action will not do.'"
> *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus,
> "conclusory allegations of law and unwarranted inferences are insufficient to
> defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th
> Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint

fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim,

dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035,

1041 (9th Cir. 2010).

**A. Impairment of Contract**

Plaintiff alleges that, after he executed his deeds of trust, the Washington State

Legislature amended the Deed of Trust Act ("DTA") on numerous occasions, including in

2009, 2009, 2011, 2012, 2013, 2014, 2018, and 2021. He further alleges that these

amendments were intended to benefit mortgage lenders, the purchasers of debt instruments, and the state at the expense of borrowers and that the changes impaired his right to freedom of contract. Under Article I, Section 10, Clause 1 of the United States Constitution, "No State shall ... pass any ... Law impairing the Obligation of Contracts."

> Not all laws affecting pre-existing contracts violate the Clause[, however] . . . . To determine when such a law crosses the constitutional line, this Court has long applied a two-step test. The threshold issue is whether the state law has operated as a substantial impairment of a contractual relationship. . . . In answering that question, the Court has considered the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights. . . . If such factors show a substantial impairment, the inquiry turns to the means and ends of the legislation. In particular, the Court has asked whether the state law is drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose. . . .

*Sveen v. Melin*, __ U.S. __, 138 S. Ct. 1815, 1821–22 (2018).

Plaintiff offers two examples of amendments that impaired his contracts with the lenders. The first is the 2009 enactment and 2011 amendment of RCW 61.24.127, which identifies four types of claims that could be brought (*i.e.*, were not waived) if a homeowner failed to take steps to enjoin the foreclosure sale and sets forth the limitations that apply to such claims. [3] Dkt. # 1-1 at ¶ 5.3. The second is a 2008 amendment clarifying that the trustee acting under a deed of trust has no fiduciary duty or obligation to the grantor or

---

[3] One of the limitations requires a homeowner to assert non-waived claims within two years of the date of the foreclosure sale. Although plaintiff alleges that the sale occurred on January 31, 2021, the evidence in the record shows that it actually took place on January 31, 2020. This lawsuit was not filed until January 31, 2023. Thus, plaintiff must invalidate RCW 61.24.127 if he has any hope of asserting a viable claim related to the foreclosure.

ORDER GRANTING THE STATE'S
MOTION TO DISMISS - 4

other persons having an interest in the property. RCW 61.24.010(3). Dkt. # 1-1 at ¶ 5.15.

Plaintiff does not identify any terms of his agreement with the lenders that were altered or

deprived of force by the amendments. The deeds of trust neither specify remedies for a

breach nor identify the nature of the duties owed by the trustee. Having failed to allege a

contractual agreement regarding the terms that were subject to the legislative enactments,

plaintiff cannot show that the legislative enactments undermined his contractual bargain.

*See San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys*., 568 F.3d

725, 736–37 (9th Cir. 2009) (considering as part of the threshold inquiry "whether a

contract exists as to the specific terms allegedly at issue").

Even if the Court were to assume that, at the time plaintiff entered into his loan

agreements, he had an understanding of what remedies were available for breach of a deed

of trust and what duties the trustee owed him, he could have no reasonable expectation that

those remedies and duties – which were a function of statute, not contract -- would remain

unchanged throughout the term of his loan. State law is subject to amendment as the

legislature sees fit, and such changes are generally presumed to operate prospectively so

that individuals have an opportunity to conform their conduct accordingly. *Watson v. Nw.*

*Tr. Servs. Inc*., 180 Wn. App. 8, 13 (2014). Having failed to include remedy and duty

provisions in his contract, plaintiff could not reasonably have expected that the governing

law would remain static or that he could later insist upon application of a statutory

provision that was no longer good law. At the time of the default, plaintiff was or should

have been aware of the legal consequences of his actions under the statute as it was then

written. Careful consideration of the factors relevant to the threshold inquiry leads to the conclusion that the statutory changes of which plaintiff complains did not work a substantial impairment of his contractual relationship with the lenders.

**B. Takings Clause**

Plaintiff alleges that the state, through the legislature, enacted laws allowing courts "to take property away from those who own such property, in order to give it to another who has no creditor interest in that property" without a public purpose for doing so and without just compensation. Dkt. # 1-1 at ¶ 5.10. He further alleges that the private defendants acted "with the aid of government" when they conducted a non-judicial foreclosure sale and initiated a court proceeding to disburse the surplus funds.

Plaintiff's premise is unfounded. The non-judicial foreclosure and surplus funds procedures are designed ensure that those with an interest in the mortgaged property can be made whole. Plaintiff used the property as collateral for a loan and agreed that it could be sold to pay the debt if he defaulted. The government played no role whatsoever in that process, as the parties intended when they contracted in 2006. With regards to both the foreclosure sale and the surplus funds proceeding, the State took neither the property nor the funds for public use or to achieve a public benefit. Plaintiff has failed to allege facts giving rise to a plausible inference that the State violated the Takings Clause.

**C. Due Process Clause**

Plaintiff alleges that he was not given notice of the surplus funds proceeding, in violation of his due process rights. He also argues that the state legislature deprived him of

a fair and impartial adjudicator when it amended the DTA to clarify that the trustee has no fiduciary obligations towards the borrower. With regards to the first argument, the State points out that it played no role in the surplus funds proceeding. Even if one or more of the private defendants failed to properly serve a notice that funds had been deposited and/or that disbursement of the funds was being requested, any such failure was not the responsibility of the State.

With regards to the argument that the state legislature deprived plaintiff of a fair and impartial trustee when it amended RCW 61.24.010(3) to make clear that the trustee does not owe a fiduciary duty to the borrower, the argument fails. The lack of a fiduciary duty does not suggest that a trustee can act unfairly or can favor one party over the other. A fiduciary relationship exists when one party occupies such a relationship to the other party, such as attorney and client or partner and partner, that the latter is justified in expecting that his interests will be protected by the former. *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 110 Wn. App. 412, 433–34 (2002) (citing *Liebergesell v. Evans*, 93 Wn.2d 881, 889–90 (1980), and RESTATEMENT OF CONTRACTS § 472(1)(c) (1932)). Here, the trustee clearly owes duties of fairness and impartiality to both of the contracting parties, a situation that is inconsistent with fiduciary status. The lack of fiduciary obligations does not, standing alone, suggest that the trustee can be or was unfair to plaintiff, and plaintiff has not alleged facts suggesting that the trustee acted unfairly or with partiality in this case or that any such unfairness gives rise to liability on the part of the State.

1
2
3
4
5

Plaintiff has failed to alleged facts giving rise to a plausible inference that he is entitled to relief from the State for the constitutional violations alleged. For all of the foregoing reasons, the State's motion to dismiss (Dkt. # 54) is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.[4]

6
7

Dated this 13th day of November, 2023.

8
9
10

MNt S Casnik

Robert S. Lasnik
United States District Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

---

[4] Entry of judgment does not negate or alter plaintiff counsel's obligation to pay the fee award specified in Dkt. # 57.

ORDER GRANTING THE STATE'S
MOTION TO DISMISS - 8