UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND DE BOTTON,<br><br>     Plaintiff,<br>  v.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON et al.,<br><br>     Defendants. | CASE NO. 2:23-cv-00223-RSL<br><br>ORDER AFFIRMING DENIAL OF PLAINTIFF'S MOTION FOR RECUSAL (DKT. NO. 55) |

## I  INTRODUCTION

This matter comes before the Court on Judge Robert Lasnik's order (Dkt. No. 66 at 9) denying Plaintiff's motion for recusal (Dkt. No. 55). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse, "he or she will direct the clerk to refer the motion to the chief judge." For the reasons set forth below, the Court AFFIRMS Judge Lasnik's denial of Plaintiff's motion to recuse.

## II   LEGAL STANDARD

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party.  28 U.S.C. §§ 144; 455(a), (b)(1).  Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Given the presumption that federal judges are impartial, the party seeking recusal bears the burden to show bias or prejudice.  *Cohen v. United States Coast Guard*, 2023 WL 5020624, at *1 (S.D. Cal. July 17, 2023).

Recusal is also required when a judge "knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C. § 455(b)(4).  However, a judge's "[o]wnership in a mutual or common investment fund that holds securities" does not constitute a "financial interest" requiring recusal "unless the judge participates in the management of the fund."  28 U.S.C. § 455(d)(4)(i).

## III   DISCUSSION

Plaintiff advances two arguments in support of his recusal request.  First, Plaintiff argues for recusal based on Judge Lasnik's status as a senior judge.  (Dkt. No. 55 at 8, 18–19, 22.)  Second, Plaintiff argues that a retirement account Judge Lasnik reported holding in 1997 poses a conflict of interest.  (*Id.* at 9, 12–14.)  The Court addresses each argument in turn.

**A.   Senior Status**

Plaintiff asserts "senior judges are biased in favor of allowing foreclosures to the point where injustice in adjudicating the outcome of such cases has become routine."  (*Id.* at 8.)

1  Plaintiff further argues that judges who have assumed senior status should not be able to "impose
2  themselves upon litigants who . . . make a timely objection to them"—an argument seemingly
3  based on the belief of Plaintiff's counsel that judges who have assumed senior status are not
4  Article III judges under the U.S. Constitution.  (*Id.* at 4, 8.)

5        The Court rejects Plaintiff's arguments.  Plaintiff's motion is devoid of support from
6  which the Court could conclude that Judge Lasnik's status as a senior judge somehow renders
7  him biased in cases involving foreclosures.  To the contrary, Plaintiff undermines his own
8  argument by simultaneously speculating that *all* judges—not only those who have assumed
9  senior status—"have aligned themselves with creditors to such an extent that debtors cannot
10 obtain justice."  (*Id.* at 8; *see also id.* at 12 (asserting judges' financial interests are aligned with
11 enforcing mortgages).)   The Court declines to credit Plaintiff's unsupported, generalized
12 grievances regarding historical outcomes of cases involving foreclosure.  *See Liteky v. United*
13 *States*, 510 U.S. 540, 555 (1994) (explaining "judicial rulings alone almost never constitute a
14 valid basis for a bias or partiality motion"); *United States v. Holland*, 519 F.3d 909, 913 (9th Cir.
15 2008) (instructing that unsubstantiated assertions of bias or prejudice are insufficient to require
16 recusal); *Kooba v. Selene Finance, L.P.*, 2017 WL 11632931, at *2–3 (C.D. Cal. Apr. 5, 2017)
17 (denying motion for recusal that was based on conclusory assertions a judge had shown bias in
18 prior cases against mortgage debtors).

19       The Court also finds unfounded Plaintiff's argument—apparently frequently advanced by
20 Plaintiff's counsel in numerous cases and rejected—that, upon a party's request, a senior judge
21 must recuse himself in light of that judge's purported lack of judicial authority under the
22 Constitution.  *See, e.g., Bank of New York Mellon v. Stafne*, 824 Fed. Appx. 536, 536 (9th Cir.
23 2020); *Stafne v. Burnside*, 2022 WL 2073074, at *1–3 (W.D. Wash. June 9, 2022); *Hoang v.*
24

*Bank of America, N.A.*, 2021 WL 615299, at *4–5 (W.D. Wash. Feb. 17, 2021); *Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1084, 1087–88 (W.D. Wash. Oct. 9, 2018); *United States v. Bigley*, 2017 WL 3432370, at *3–4 (D. Ariz. Aug. 10, 2017).

**B.     Judicial Retirement Account**

Seemingly invoking 28 U.S.C. § 455(b)(4), Plaintiff argues a 1997 financial disclosure reflects that Judge Lasnik held "an interest [] in the type of Washington Retirement Account that" Plaintiff's complaint "challenged" as "constitutionally inappropriate." (Dkt. No. 55 at 13.) The constitutional challenge Plaintiff appears to be referencing is Plaintiff's allegation that Washington state violated the Fourteenth Amendment by "enact[ing] legislation to align the pecuniary interests of its judges with enforcing mortgages owned by purported securities certificate holders," which "g[ave] judges an interest in such mortgage-backed security investments." (Dkt. Nos. 55 at 12; 1-1 at 8–9.) The complaint does not identify the purportedly problematic legislation and makes no reference to judicial retirement accounts. (*See generally* Dkt. No. 1-1.)

As an initial matter, the Court cannot find this singular paragraph in Plaintiff's complaint actually presents a constitutional challenge to the retirement account in question. None of the causes of action in Plaintiff's complaint appear to contest the constitutionality of any retirement account, let alone the specific type of account reported on Judge Lasnik's 1997 financial disclosure. (Dkt. No. 1-1 at 13–24.) And even assuming the complaint did challenge judicial retirement accounts with interests in mortgage-backed securities, Plaintiff has made no showing that the account held by Judge Lasnik holds interest in that type of security. Accordingly, Plaintiff has failed to show that the "outcome of the proceeding" could "substantially affect[]" Judge Lasnik's interest in the at-issue retirement account. 28 U.S.C. § 455(b)(4).

Recusal is not required for another fundamental reason. A judge's "ownership in a mutual or common investment fund that holds securities" does not amount to a "financial interest" requiring recusal unless the judge participates in the fund's management. 28 U.S.C. § 455(d)(4)(i). As there is no evidence Judge Lasnik participates in the management of the account in question, the Court cannot find Judge Lasnik has a "financial interest" that could give rise to an obligation to recuse. *See id.*; *In re Judicial Misconduct*, 756 F.3d 1143, 1144 (9th Cir. 2014) (rejecting argument that mutual funds invested in mortgage-backed securities posed a conflict of interest when there was "no evidence that the judge controlled the management of these funds").

## IV   CONCLUSION

The Court AFFIRMS Judge Lasnik's denial (Dkt. No. 66) of Plaintiff's motion to recuse (Dkt. No. 55). The Clerk is directed to send a copy of this Order to Judge Lasnik.

Dated this 10th day of January 2024.

David G. Estudillo
United States District Judge